The Chicago and Pacific Railroad Company

*v.*

Pauline Hildebrand *et al.*

*Filed at Ottawa March 30, 1891.*

1. EMINENT DOMAIN—*use of adjoining lands—removing earth for embankment—limitation as to manner of use.* A railway company, by acquiring the right to take the earth from land adjoining its right of way for the purpose of making embankments for its tracks, does not thereby acquire a right to create a nuisance on the land condemned by leaving holes therein, and grass or other combustible materials

thereon, whereby the land owner may be injured in the enjoyment of his legal rights without any right of recovery therefor.

2. SAME—*contiguous lands—what so considered—in the matter of assessment of damages.* Where a single, compact body of a farm is crossed by a railroad, disconnecting the body into two parts, each part is contiguous to the railroad so crossing it, and the taking of additional lands subsequently for right of way, or for constructing an additional track, is to be regarded only as an enlargement of the original quantity of land taken, and as fairly within the scope of the design of the original taking, and so each of the several parts of the farm is to be regarded as contiguous to it, and damages thereto may be assessed.

3. SAME—*measure of damages—elements to be considered.* Merely possible, speculative or remote damages do not form the proper basis for a recovery in a proceeding to condemn land for railway purposes.

4. In a proceeding to condemn strips of land across certain farms for railroad purposes, the court instructed the jury, "that in estimating just compensation to be paid to the defendants * * * on account of the use of the land described in the petition as therein mentioned and described, and the damages, if any, to the residue of the farms, you should take into consideration all injuries and inconveniences which are appreciable, and which you believe, from the evidence, are reasonable, probable and likely to result from the use of the land as sought in this case, although such injuries or inconveniences may be largely conjectural and not susceptible of definite ascertainment. Such damages are neither imaginary nor speculative, but are legitimate items of damages to be considered, and you, upon the consideration of all such damages as shown by the evidence, should determine what amount will be a just compensation to the owners of the premises in question :" *Held,* that the use of the words "largely conjectural" rendered the instruction misleading, and that it ought not to have been given.

5. APPEALS—*several judgments in one proceeding—Eminent Domain law.* Where compensation and damages are assessed in one proceeding in favor of the owners of several distinct tracts on which a right of way is sought, an appeal by the petitioner will bring up the entire record; but as the judgment is in effect several as to each tract damaged, a reversal of the judgment as to one tract will not necessarily require a reversal as to the other tracts.

6. TAXATION—*easement—taxable as real estate.* A right in a railroad company to take earth from land contiguous to its right of way, in making embankments, is an easement which is so far of the character of real estate as to be taxable against the railway company acquiring such right.

APPEAL from the Circuit Court of Ogle county; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. E. F. DUTCHER, for the appellant.

Mr. J. C. SEYSTER, for the appellees, except John I. Crill.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a proceeding instituted by appellant in the circuit court of Ogle county, to condemn three tracts of land, consisting of long strips parallel with appellant's right of way, for use in constructing an additional track and in maintaining appellant's road. The tracts are designated as Nos. 1, 2, 3 and 4,—No. 1 belonging to the estate of John Hildebrand, deceased, subject to a mortgage to Lewis Hildebrand, senior; No. 2 belonging to the legatees of Frederick Nashold, deceased; No. 3 belonging to Isaac Crill; and No. 4 to John I. Crill. Proper parties were made defendants and brought before the court, and judgment was rendered in favor of the separate owners for compensation for lands taken and damages to lands not taken. A single appeal was taken by the appellant, bringing the entire record of condemnation of each tract before us for review. The judgment, however, as to each tract, is, in effect, a separate judgment, as much as if rendered in distinct proceedings, and therefore a reversal of the judgment as to one tract does not necessitate a reversal as to the other tracts.

Upon the trial of the case, evidence was given of the value of the lands taken, and also of the damages to result from the use of the lands for the purpose for which they are taken, to other lands of the several owners not taken, and at the instance of the owners of tracts Nos. 1 and 2, (Nasholds and Hildebrands,) the court, over appellant's objection, instructed the jury as follows:

"2. The court instructs you, that the Chicago and Pacific Railroad Company desires to have the right to use certain

lands belonging to the Nasholds and Hildebrands, for the purpose of borrowing earth therefrom to construct an embankment on their right of way, and in exercising its right to borrow earth it will be at liberty to borrow therefrom all they desire that may be necessary to construct such embankment. It will not be required to so borrow such earth, or drain the land borrowed from, as to prevent water from standing in the places from which the earth will be borrowed, so long as it does not interfere with any existing or natural means of drainage. It will not be required to pay taxes on the lands so used by the company. It will not be required to fence the same, and will not be required to keep the same clear from weeds or brush, or any material that may grow thereon."

It is not true that the appellant will not be required to pay taxes upon these tracts of land. The petition represents that it is necessary that appellant "shall have and immediately possess, for use in constructing said additional track and maintenance of said railroad," these tracts of land, and it concludes by praying that "the compensation to be made to each, respectively, be ascertained, and such proceedings be had therein as, by the statute in such case made and provided, are required." The statute provides (Rev. Stat. chap. 47, sec. 10,) that in such cases the court "shall adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property, and the use of the same, upon payment of full compensation; * * * and such order, with evidence of such payment, shall constitute complete justification of the taking of such property." The judgment here is, that "the said petitioner, the Chicago and Pacific Railroad Company, do enter upon the following tract of land in said petition described, and take therefrom material necessary for the construction of its railway." This vested an easement in the tracts in the railroad company. (*Wiggins Ferry Co.* v. *Ohio and Mississippi Ry. Co.* 94 Ill. 83; 1 Redfield on Railways, p. 251, sec. 8, note 11; 6 Am. & Eng. Ency. of Law,

p. 142; *Huntington* v. *Asher,* 96 N. Y. 604.) And the easement being in gross, it is so far of the character of an estate or interest in the land that it is treated as such. (6 Am. & Eng. Ency. of Law; *Huntington* v. *Asher, supra.*) The statute requires the appellant to pay tax on all real estate held for right of way, (Rev. Stat. 1874, chap. 120, sec. 41,) and on all other real estate belonging to it. Sec. 46 of the same statute.

Nor is it true, as is to be implied from this instruction, that appellant, by this easement, acquires the right to create a. nuisance thereon, by leaving holes therein and grass and other combustible materials thereon, whereby the owner of the dominant estate may be injured in the enjoyment of his legal rights, without any right of recovery therefor from appellant. The duty and liability of appellant in respect of such nuisances are precisely the same, in respect of the lands not taken, as those of any other owner of land adjacent to that of the owner of the dominant estate in these tracts. The instruction was therefore erroneous, and it was calculated to mislead the jury.

Another instruction given at the instance of the owners of tracts Nos. 1 and 2, is as follows:

"3. The jury are instructed, that in estimating just compensation to be paid to the defendants in this case on account of the use of the land described in the petition, as therein mentioned and described, and the damages, if any, to the residue of the farms in question, you should take into consideration all injuries and inconveniences which are appreciable, and which you believe, from the evidence, are reasonably probable and likely to result from the use of the land as sought in this case, although such injuries or inconveniences may be largely conjectural, and not susceptible of definite ascertainment. Such damages are neither imaginary nor speculative, but are legitimate items of damage to be considered, and you, upon the consideration of all such damages as shown by the evidence, should determine what amount will be a just compensation to the owners of the premises in question."

We think the words "largely conjectural" render this instruction misleading, and that the instruction therefore ought not to have been given. We have frequently held, that mere possible, speculative or remote damages do not form the proper basis for a recovery in such cases; (*Chicago, Burlington and Northern Railroad Co.* v. *Bowman*, 122 Ill. 595; *Kiernan* v. *Chicago, Santa Fe and California Ry. Co.* 123 id. 188;) and as between these and damages "largely conjectural," the common mind will fail to perceive any tangible distinction.

For the giving of these instructions, the judgments in favor of Pauline Hildebrand, Emma L. Hildebrand, Lewis J. Hildebrand and Alfred E. Hildebrand, for the taking of lot No. 1 and for damages to other property belonging to them not taken; and the judgment in favor of Menzo Nashold, Alice Nashold, Wellington Nashold, Alice Nashold, Martin Nashold, Emma Nashold, Laura Lines, Thomas H. Lines, Rosella Nashold, Charlotte Thompson, Carroll Thompson, Daniel E. Nashold, Jennie Nashold, Carrie Nashold, Minnie Nashold, Caroline Nashold, Margaret Nashold, Thomas H. Lines and Jacob Martin, executors of the last will and testament of Frederick Nashold, deceased, for taking lot No. 2 and for damages to other property belonging to them not taken, are reversed, and the proceeding, as to them, is remanded to the court below for another trial.

It is objected against the remaining judgments, that the jury were instructed to render a verdict for damages to property not taken not contiguous to that taken,—being on the opposite side of the railroad,—whereas by stipulation between the parties, made and filed to obviate the necessity of filing cross-bills, it was only stipulated that damages should be assessed as to "contiguous" property. The objection is, in our opinion, susceptible of two answers, either of which is sufficient. In the first place, where a single compact body of a farm is crossed by a railroad, disconnecting the body into two parts, each part is "contiguous" to the railroad so crossing it;

and the taking of additional land, subsequently, for right of way, or for constructing, as here, an additional track, is to be regarded only as an enlargement of the original quantity of land taken, and as fairly within the scope and design of the original taking, and so each of the severed parts of the farm is to be regarded as contiguous to it. The farm may still be used, by means of crossings, as a unit, and therefore an injury to one part is an injury (because a depreciation of value) of the whole,—and if contiguity to any part of it causes this depreciation, it will be sufficient. In the second place, it is not made to appear here that any appreciable damages were or could have been awarded for injury to land on the north side of the railroad, for it is not made to appear that any definite substantial part of the farm lies on that side of the railroad.

Objection is urged that the damages assessed as to these two tracts are excessive. We are unable to concur in this. There was evidence, if believed, fully sustaining the amount of the verdict.

Objection is also urged that the court erred in refusing and modifying instructions. Our attention is called to no specific ruling in this respect which we regard as erroneous. The instructions, as given at the instance of appellant, seem ample for the purposes of the case.

The judgments in favor of Isaac Crill, John I. Crill and Peter Jones are affirmed. The clerk will tax the costs in this court, as to each of the judgments, separately. Where the judgments are reversed they will be taxed against the appellees, and where they are affirmed, against the appellant.

*Judgment affirmed in part and in part reversed.*